USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

      -against-

BENJAMIN MCDUFFIE,

                              Defendant.

No. 22-CR-331-2 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Defendant Benjamin McDuffie ("McDuffie") was charged for committing two gunpoint robberies, in close succession, during which two victims were bound and restrained. (ECF No. 53, "PSR," ¶¶ 7–11.) On October 25, 2022, pursuant to a plea agreement with the Government, McDuffie pled guilty to a one-count information charging him with brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF No. 38.) This Court thereby sentenced McDuffie to 84 months' imprisonment, which is the mandatory minimum sentence for this request, on February 3, 2023. (ECF No. 52.)

Presently before the Court is McDuffie's motion for compassionate release. (ECF No. 58.) For the following reasons, McDuffie's motion is DENIED.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, a court may reduce a term of imprisonment only after the defendant has exhausted administrative remedies, and only if, after considering the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is consistent with applicable Sentencing Commission policy statements. *See United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021); *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (finding that both "extraordinary

1

and compelling reasons" and support of § 3553(a) factors are required for relief). The exhaustion requirement is mandatory and not subject to judicial waiver. *See Ross v. Blake*, 578 U.S. 632, 638–39 (2016). Once exhaustion is satisfied, the Court must determine whether the defendant has demonstrated: (1) extraordinary and compelling reasons; (2) that a reduction is consistent with U.S.S.G. § 1B1.13 (the relevant Sentencing Guidelines policy statement), which is now binding and requires, among other things, that the defendant not pose a danger to the community; and (3) that the § 3553(a) factors weigh in favor of a reduction. *See* U.S.S.G. §§ 1B1.13(a)(2), (b).

Application of the § 3553(a) factors require the Court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," "to afford adequate deterrence," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a); *United States v. Daugerdas*, 613 F. Supp. 3d 807, 812 (S.D.N.Y. 2020). The defendant bears the burden of satisfying each of these requirements. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

## DISCUSSION

### I.   Extraordinary and Compelling Reasons

McDuffie asserts that three extraordinary and compelling reasons warrant his release: (1) his wife suffers from multiple sclerosis and can no longer care for their children; (2) her medical condition requires medical assistance; and (3) he has demonstrated rehabilitation through participation in various programs. (ECF No. 59, "Def. Mot.," at 4–9; ECF No. 65, "Def. Reply," at 2–5.) The Court now addresses each claim in turn.

#### a.   Family Circumstances

McDuffie asserts that his release is warranted because (1) his wife suffers from multiple sclerosis and can no longer care for their children, and (2) she requires continuous and extensive medical care due to her condition.[1]  (Def. Mot. 4–6.)  In support, McDuffie submits an affidavit from his wife describing her multiple sclerosis and the limitations it imposes on her ability to care for their children.  (*Id*. Ex. C.)  McDuffie also submits a doctor's evaluation stating that "[his wife's] … condition impacts her ability to perform activities of daily living like, bathing, laundry, cooking, running errands, working and parental duties."  (*Id*. Ex. D at 3.)

### i. Caregiver of Children

An extraordinary and compelling reason may exist upon the "death or incapacitation of the caregiver of the defendant's minor child."  U.S.S.G. § 1B1.13(b)(3)(A).  To determine whether a caregiver is incapacitated, courts consider, among other things, the severity of the caregiver's medical issues, whether the caregiver is completely unable to care for herself or others, whether the caregiver is incapable of working, and whether the defendant has presented medical records showing the caregiver's incapacitation.  *See, e.g.*, *United States v. Rodriguez*, 2025 WL 1002192, at *2 (S.D.N.Y. Mar. 31, 2025) (finding that the defendant's wife's "medical conditions do not rise to the level of incapacitation" because the "defendant has failed to submit medical records demonstrating that his wife is incapacitated" and the defendant "reports that his wife is still working"); *United States v. Nunez*, 2024 WL 4504493, at *5 (S.D.N.Y. Oct. 16, 2024) (finding that a mother, who underwent an aggressive treatment regimen for locally advanced breast cancer, which rendered her "unable to work" and unable to "afford to pay other people to watch her

---

[1] The Government does not appear to respond to McDuffie's argument that his wife requires continuous and extensive medical care due to her medical condition, other than acknowledging that McDuffie and his wife have been separated since 2020.  (ECF No. 62, "Govt. Opp.," at 2; PSR ¶ 48.)  According to McDuffie, however, he and his wife never legally separated.  (Def. Mot. Ex. A, C.)  The Court will assume, for purposes of ruling on McDuffie's motion, that he is still legally married to his wife.

children, or take them to school or appointments," was incapacitated); *United States v. Borland*, 2024 WL 4026068, at *8, (S.D.N.Y. Sept. 3, 2024) (finding that a mother who was "diagnosed with several medical issues" and "debilitating knee pain" that impacted her "ability to walk and perform activities of daily living" was not incapacitated because she was not "completely unable to care for the couple's children").

Courts in this District generally require "a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions [] before concluding that an extraordinary and compelling reason has been established." *United States v. Wynder*, 2025 WL 1002179, at *3 (S.D.N.Y. Apr. 3, 2025) (quoting *United States v. Lindsey*, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021)). McDuffie asserts, however, that not all courts in this District have abided by this rule.[2] *See, e.g.*, *Nunez*, 2024 WL 4504493, at *5. Most courts in this District nevertheless have. *See, e.g.*, *United States v. Young*, 2025 WL 3496277, at *3 (S.D.N.Y. Dec. 5, 2025); *United States v. Williams*, 2025 WL 3124670, at *2 (S.D.N.Y. Nov. 7, 2025); *United States v. Abayev*, 2025 WL 1739789, at *5 (S.D.N.Y. June 24, 2025); *United States v. Ayala*, 2020 WL 6626015, at *1 (S.D.N.Y. Nov. 12, 2020).

The Court acknowledges that McDuffie submits evidence demonstrating the limitations of his wife's ability to care for their children. (Def. Mot. Ex. C–D.) For instance, McDuffie submits a medical letter from his wife's doctor "strongly recommend[ing] that she has a designated person to resume parental obligations and responsibilities." (*Id*. Ex. D at 3.) McDuffie's wife also affirms that her "physical limitations have left [her] in an incapacitated state literally confining [her] to

---

[2] The Court does not ignore this argument. However, McDuffie's caselaw is distinguishable from the instant action. For instance, in *United States v. Nunez*, the court determined that no other caregivers were available to help accommodate the defendant's children because his wife's "mother lives in the Dominican Republic and his own mother is unable to assist because she provides full-time care to his father, who is blind and ill, and 'whose health has worsened since [the defendant's] sentencing.'" 2024 WL 4504493, at *5. As explained below, while McDuffie's circumstances are indeed unfortunate, they do not reflect those present in *Nunez*.

4

[her] home." (*Id*. Ex. C at 1.)  While the Court believes that McDuffie has provided evidence demonstrating his wife's inability to care for their children, he has not explained why no other family member or caretaker is available to care for his children.  To the contrary, McDuffie concedes that his mother and a close friend of his wife's have been caring for the children.  (Def. Mot. at 6–7; Ex. C at 1.)  The Court is sympathetic to McDuffie's situation.  That said, § 3582(c) "only authorizes release where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated." *United States v. Tucker*, 2024 WL 3983410, at *27 (S.D.N.Y. Aug. 29, 2024) (citation omitted).

The Court also acknowledges that McDuffie submits multiple affidavits, including one from his mother, describing the difficulty McDuffie's wife faces in caring for their children.  (*See* Def. Mot. Ex. J.)  While the Court is again sympathetic that McDuffie's incarceration is resulting in an "undue burden" on individuals like his mother, (*see id*. Ex. J at 3), courts routinely hold that such circumstances, while unfortunate, do not satisfy the "extraordinary and compelling" standard. *See, e.g.*, *Williams*, 2025 WL 3124670, at *2 (denying compassionate release where defendant's "filings confirm that other family members are presently providing care for his father and children and that his presence would 'relieve stress' rather than fill a vacant caregiving role"); *United States v. Mendez-Rojas*, 2024 WL 4345561, at *4 (S.D.N.Y. Sept. 30, 2024) ("Relieving hardship is not the same as being the only available caregiver.").  McDuffie has therefore failed to meet his burden to demonstrate that his family circumstances rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction.

### ii.  Wife's Medical Condition

An inmate's familial circumstances may constitute "extraordinary and compelling circumstances" sufficient to warrant a sentence reduction, including circumstances involving the

5

need to care for a sick relative. *Lindsey*, 2021 WL 37688, at *3. As explained above, courts in this District require a showing of "evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions" before concluding that "an extraordinary and compelling reason has been established." *Ayala*, 2020 WL 6626015, at *1; *see also Abayev*, 2025 WL 1739789, at *5; *Wynder*, 2025 WL 1002179, at *3.

The Court acknowledges the unfortunate circumstances McDuffie and his wife face as a result of her medical condition. Neither the Court nor the Government disputes that McDuffie's wife suffers from a serious medical condition. McDuffie also submits evidence demonstrating the resulting limitations caused by his wife's medical condition. (Def. Mot. Exs. C–D.) Yet, similar to above, McDuffie fails to provide evidence demonstrating that he is the only available person able to care for his wife. (*Id.*) The Court therefore finds that McDuffie has not met his burden of showing that his wife's medical condition rises to the level of an "extraordinary and compelling reason" warranting a sentence reduction. *See Wynder*, 2025 WL 1002179, at *3 (denying compassionate release where defendant failed to "established that his wife's medical conditions have resulted in her incapacitation" and that "he is the only available caregiver for his wife").

### b. Rehabilitative Efforts

McDuffie next argues that his release is warranted because he has participated in "every rehabilitative program available" to him since becoming incarcerated. (Def. Mot. Ex. G; Def. Reply at 9.) Rehabilitation—even meaningful or exemplary rehabilitation—cannot, standing alone, satisfy § 3582(c)(1)(A). *See United States v. Webb*, 2023 WL 9022874, at *2 (S.D.N.Y. Dec. 29, 2023) (noting that "good conduct in prison is not uncommon, and indeed is expected"). Courts in this Circuit consistently hold that even exceptional institutional adjustment—such as faultless disciplinary records or extensive programming—does not meet the extraordinary and

compelling threshold absent some additional, exceptional circumstance. *See, e.g., United States v. Raposo*, 2023 WL 142786, at *7 (S.D.N.Y. Jan. 10, 2023) (denying relief despite "nearly faultless" disciplinary record and extensive rehabilitative work); *United States v. Alimehmeti*, 2024 WL 4880197, at *8 (S.D.N.Y. Nov. 25, 2024). The Court does not wish to undermine McDuffie's rehabilitative efforts—they are indeed commendable. But these efforts alone do not constitute extraordinary and compelling reasons for release.

## II.    Section 3553(a) Factors

Even if extraordinary and compelling reasons existed, the § 3553(a) factors weigh decisively against reducing McDuffie's sentence. Application of § 3553(a) requires the Court to consider the nature of the offense, the defendant's history, and the need for punishment, deterrence, respect for the law, and protection of the public. 18 U.S.C. § 3553(a). McDuffie's conduct was exceptionally serious: he committed two gunpoint robberies in close succession, during which two innocent victims were bound and restrained. (PSR ¶¶ 7–11.) To make matters worse, McDuffie also assaulted another inmate at Westchester County Jail while awaiting trial in this matter. (PSR ¶ 5.) This is also not McDuffie's first criminal conviction. He has been convicted a total of five times.[3] (PSR ¶¶ 31–34.) One of those instances involved McDuffie shooting at a car, which created "a grave risk of death to another person." (PSR ¶ 34.)

Moreover, the Court sentenced McDuffie to 84-months' imprisonment, which was the recommended sentence made in the Presentence Investigation Report. (ECF Nos. 52–53.) The Court's sentencing appropriately reflects the seriousness of the crimes, promotes respect for the law, provides just punishment, and affords deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

---

[3] Although McDuffie's prior offenses occurred over a decade ago, the Court agrees with the Government that such convictions demonstrate his involvement in serious and dangerous conduct. (Govt. Opp. at 5.) The fact that McDuffie later engaged in two gunpoint robberies undermines his argument that he is no longer a danger to the community.

7

Further reduction of McDuffie's sentence would upset the balance the Court carefully struck at sentencing and diminish the weight of the statutory goals underlying § 3553(a).  While the Court recognizes McDuffie's positive institutional record and rehabilitative progress, those developments do not outweigh the need for the sentence to reflect the seriousness of his crimes and the danger his conduct posed to the community.  *See United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (affirming denial of compassionate release where § 3553(a) factors, including deterrence and public safety, outweighed rehabilitation).  Granting early release would create unwarranted disparities among similarly situated defendants and understate the seriousness of McDuffie's role in violent criminal activity.

Consequently, the Court finds that the § 3553(a) factors continue to weigh strongly against any sentence reduction.

## CONCLUSION

For the foregoing reasons, McDuffie's motion for compassionate release is DENIED.  The Government is directed to serve a copy of this Opinion and Order on the appropriate facility, and to file proof of service on the docket.  The Clerk of Court is respectfully directed to terminate the motions at ECF No. 58 and 59.

SO ORDERED.

Dated: December 22, 2025
       White Plains, NY

_____
Nelson S. Román, U.S.D.J.

8